James C. Bastian, Jr. - Bar No. 175415
Ryan D. O'Dea - Bar No. 273478
Shane M. Biornstad - Bar No. 250202
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:     (949) 340-3400
Facsimile:     (949) 340-3000
Email:        JBastian@shulmanbastian.com
              ROdea@shulmanbastian.com
              SBiornstad@shulmanbastian.com

Special Litigation Counsel for
Richard A. Marshack, Chapter 7 Trustee

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>AB CAPITAL, LLC, a California limited liability company,<br><br>Debtor. | Case No. 8:22-bk-11585-TA<br><br>Chapter 7 (Involuntary)<br><br>Bankruptcy Adv. No. |
| RICHARD A. MARSHACK, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>MIKAYEL ISRAYELYAN, an individual; 14241 VENTURA LLC, a California limited liability company; RANDY ROSE, an individual; WEST ONE CAPITAL GROUP, INC., a California Corporation; EQUITY TRUST COMPANY, FBO Jeffrey M. Hawkinson IRA, a South Dakota corporation; PACIFIC PREMIER BANK f/k/a PENSCO TRUST COMPANY LLC, as custodian FBO Paul O'Rear IRA, a California corporation; AXOS BANK, a federal savings bank; DONALD GREGORY NICHOLS, an individual; THE BAIOCCHI FAMILY LIMITED PARTNERSHIP, a California limited partnership; CORONA CAPITAL GROUP, LLC, a California limited liability company; DOES 1-10, inclusive,<br><br>Defendants. | **COMPLAINT FOR INJUNCTIVE RELIEF AND EXTENSION OF AUTOMATIC STAY** |

Plaintiff, Richard A. Marshack, solely in his capacity as Trustee for the bankruptcy estate of AB Capital, LLC ("Trustee" or "Plaintiff"), files this Complaint against Defendants, Mikayel Israyelyan, an individual ("Israyelyan"); 14241 Ventura LLC, a California limited liability company ("Ventura"); Randy Rose, an individual ("Rose"); West One Capital Group, Inc., a California Corporation ("West"); Equity Trust Company, FBO Jeffrey M. Hawkinson IRA, a South Dakota corporation ("Equity"); Pacific Premier Bank f/k/a Pensco Trust Company LLC, as custodian FBO Paul O'Rear IRA, a California corporation ("Pacific"); Axos Bank, a federal savings bank ("Axos"); Donald Gregory Nichols, an individual ("Nichols"); The Baiocchi Family Limited Partnership, a California limited partnership ("Baiocchi"); Corona Capital Group, LLC, a California limited liability company ("Corona") (collectively, "Defendants") and DOES 1-10, inclusive, and alleges as follows:

## SUMMARY OF CLAIMS

1.     Plaintiff is the Chapter 7 Trustee of the bankruptcy estate ("Estate") of Debtor AB Capital, LLC, a California limited liability company ("Debtor"). Prior to the commencement of Debtor's involuntary bankruptcy, certain Defendants and DOES 1-5 sued Debtor and/or its principals and/or certain of its affiliate entities (collectively, the "Debtor Affiliates" as defined below) in various civil actions (collectively, the "Civil Litigation Matters" as defined below). Also prior to bankruptcy, certain Defendants and DOES 6-10 obtained liens against certain of the Debtor Affiliates' real, personal or other property ("Properties" as defined below). Certain Defendants have agreed with Plaintiff to a short-term stay of their civil actions against the Debtor Affiliates, and similarly certain Defendants have agreed for now to not pursue their lien rights against the Properties. Certain other Defendants and DOES 1-10, however, have not agreed to stay litigation or have not agreed to refrain from immediately pursuing their lien rights against the Properties. Such litigation and collection activities are burdening Trustee by causing him to expend Estate assets and resources to defend against such litigation and collection activities when it remains uncertain at this time whether the Estate's value warrants such efforts. By this complaint, Trustee seeks to extend the automatic stay to all the Debtor Affiliates and the Properties and enjoin all Defendants and

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1  DOES 1-10 from pursuing litigation or collection efforts against any of the Debtor Affiliates and/or

2  the Properties.

3  ## STATEMENT OF JURISDICTION AND VENUE

4  2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

5  §§ 157(c)(1) and 1334 in that this proceeding arises in and is related to the Chapter 7 bankruptcy

6  case pending in the United States Bankruptcy Court of the Central District of California, Santa Ana

7  Division ("Bankruptcy Court"), entitled *In re AB Capital, LLC, a California limited liability*

8  *company,* Case No. 8:22-bk-11585-TA on the Bankruptcy Court's docket ("Bankruptcy Case").

9  3.    Plaintiff, as Trustee for Debtor's Estate, has standing to bring this action under, and

10  to prosecute the asserted claims pursuant to, 11 U.S.C. §§ 105, 323, 362.

11  4.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters

12  concerning the administration of the Estate). To the extent any claims are determined not to be a

13  core proceeding or constitute a *Stern*-claim, Trustee consents to entry of final judgment and orders

14  by the Bankruptcy Court.

15  5.    Venue is proper in this District pursuant to 28 U.S.C. § 1409(a) because this

16  adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which

17  is pending in this District and does not involve a consumer debt less than $19,250.00.

18  6.    On September 15, 2022 ("Petition Date"), an involuntary petition under Chapter 7 of

19  Title 11 of the United States Code was filed ("Petition") against Debtor.

20  ## THE PARTIES

21  7.    Trustee is the trustee of the Debtor's Estate.

22  8.    Trustee alleges that Israyelyan and Ventura are plaintiffs in the civil action entitled

23  *Mikayel Israyelyan; 14241 Ventura LLC v. AB Capital, LLC; Joshua R. Pukini; Ryan Young; Justin*

24  *C. Johnson; Calpac Management, Inc.; S.B.S. Trust Deed Network; and DOES 1 to 100, inclusive*,

25  Case No. 21STCV14445, pending in Los Angeles County Superior Court. The defendants named

26  in the *Israyelyan* action are those named above in the case title.

27  9.    Trustee alleges that Rose is the plaintiff in the civil action entitled *Randy Rose v.*

28  *Howard A. Royal; Mag Equities, LLC; Calpac Management Inc., dba Cal Pac Capital and CalPac*

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1   *Capital Advisors; Med Equity LLC; Joshua R. Pukini; Luna Constr. Management LLC; 871 Linda*

2   *Flora LLC; all Persons unknown claiming any legal or equitable right, title, estate, lien or interest*

3   *in the property described in the complaint adverse to Plaintiff's title or any cloud on Plaintiff's title*

4   *thereto; and DOES 1 to 100, inclusive*, Case No. BC697499, pending in Los Angeles County

5   Superior Court. The defendants named in the *Rose* action are those named above in the case title.

6   10.    Trustee alleges West, Equity, Pacific, Axos, Nichols, Baiocchi, and Corona claim to

7   have a lien interest in one or more of the Properties.

8   <u>**GENERAL ALLEGATIONS**</u>

9   11.    Debtor was a real estate investment company and finance lender that specialized in

10   real estate secured debt investments in California. Debtor was in the regular business of making

11   loans, then syndicating or selling fractional interests in those loans to investors. Debtor is a limited

12   liability company, whose two 50/50 members and co-managers (*i.e.*, Debtor's principals) are Joshua

13   R. Pukini ("Pukini") and Ryan J. Young ("Young"). As set forth below, Pukini and Young are

14   affiliated with and control a number of entities affiliated with Debtor.

15   12.    The entities and people affiliated with Debtor, Pukini and Young include the

16   defendants named in Trustee's adversary action against Pukini et al., Case No. 8:22-ap-01091-TA,

17   ("Pukini Adversary Action"), including Joshua R. Pukini, individually and as trustee of The Joshua

18   R. Pukini Trust dated 6/27/2013; Ryan Young, individually and as trustee of The Young Family

19   Trust dated 8/24/2014, the Ryan J. Young Trust, and the Young Ryan Trust; Edmund Valasquez,

20   Jr.; 108 Avenida Serra, LLC; 1034 W Balboa, LLC; 31831 Sunset LLC; AB Capital Fund A, LLC;

21   AB Capital Fund B, LLC; AB Capital Holdings I, LLC; AB Capital LFD, Inc.; ABC 2260 San

22   Ysidro LLC; BDP Development Partners, LLC; Cal-Pac Distressed Real Estate Fund I, LLC; Calpac

23   Management, Inc.; CalPac Mortgage Fund, LLC; Living Art Works LLC; Luna Construction

24   Management, LLC; and Tablerock Enterprises, LLC (collectively, the "Enjoined Parties").

25   13.    As reflected in the Court's preliminary injunction entered in the Pukini Adversary

26   Action (Doc 32 in Case No. 8:22-ap-01091-TA) ("Pukini Preliminary Injunction"), the Enjoined

27   Parties are, like the Debtor, affiliated with and/or controlled by Pukini and Young.

28   14.    As reflected in the Pukini Preliminary Injunction, all assets of the Enjoined Parties

1    ("Enjoined Property") are subject to Trustee's control and cannot be used or transferred without the

2    Trustee's consent as all such assets are potentially the assets of Debtor's Estate.

3        15.    Trustee incorporates herein as though set forth in its entirety the Pukini Preliminary

4    Injunction, which is attached hereto as Exhibit 1.

5        16.    Several defendants named in the *Israyelyan* and *Rose* civil actions above-described

6    (the "Civil Litigation Matters") are named as Enjoined Parties in the Court's Pukini Preliminary

7    Injunction.

8        17.    Certain of the Enjoined Parties allegedly hold, own or have an interest in a substantial

9    number of real properties, including but not limited to the following, all of which are part of the

10   Enjoined Property: 112 22nd Street, Newport Beach, CA 92663; 3301 Coldwater Canyon Avenue,

11   Studio City, CA 91604; 1034 W. Balboa Boulevard, Unit A, Newport Beach, CA 92661; 1034 W.

12   Balboa Boulevard, Unit B, Newport Beach, CA 92661; APN 2826-041-022, Los Angeles County,

13   CA; 109 Rivo Alto Canal, Long Beach, CA 90803; 170 N. Circulo Robel, Anaheim, CA 92807;

14   20620 Manzanita Avenue, Yorba Linda, CA 92886; 38861 Elmwood Drive, Rancho Mirage, CA

15   92270; 5578 Avenida Adobe, Yorba Linda, CA 92886; 5632 Campo Walk, Long Beach, CA 90803;

16   7890 East Berner Street, Long Beach, CA 90808; 7900 E. Cramer Street, Long Beach, CA 90808;

17   and 31522 Bluff Drive, Long Beach, CA 92651. This complaint refers to all such properties as the

18   "Properties."

19       18.    To the extent they are both (1) Enjoined Parties and (2) either named as defendants

20   in the Civil Litigation Matters or have an alleged ownership interest in the Properties, they are

21   referred to herein as "Debtor Affiliates."

22       19.    Defendants and DOES 1-5 have initiated the Civil Litigation Matters against the

23   Debtor Affiliates and are currently pursuing litigation and/or collection against each of the Debtor

24   Affiliates and/or Defendants and DOES 6-10 are pursuing, or are threatening to pursue, collection

25   or lien enforcement against the Properties by enforcing liens they allegedly hold against the

26   Properties, including but not limited to noticing foreclosure sales.

27       20.    Defendants' and DOES 1-10's litigation and/or collection activities in and/or related

28   to the Civil Litigation Matters and the Properties are causing Trustee to expend time and resources

to obtain stays, litigate, and defend the claims and allegations asserted by Defendants and DOES 1-5 against the Debtor Affiliates in the Civil Litigation Matters and to prevent lien enforcement activities against the Properties by Defendants and DOES 6-10. Such litigation and/or collection activities are reducing Trustee's time and resources that should be directed toward administering Debtor's Estate.   Accordingly, Trustee seeks to enjoin the Defendants and DOES 1-10 from pursuing litigation and/or lien enforcement activities and to extend the automatic stay to all Debtor Affiliates and the Properties.

## **FIRST CLAIM FOR RELIEF**

**(Injunctive Relief; TRO; Preliminary and Permanent Injunction Against All Defendants and DOES 1-10)**

21.    Trustee realleges and incorporates paragraphs 1 through 20 of this Complaint as though set forth in this paragraph in full.

22.    Trustee is entitled to injunctive relief against Defendants to enjoin Defendants and DOES 1-5 from pursuing litigation and collection activities vis-à-vis the Debtor Affiliates in the Civil Litigation Matters because Debtor is an indispensable party in each of those actions, Debtor is the real party defendant and/or a judgment against any of the Debtor Affiliates will in effect be a judgment or finding against Debtor, and/or extending the stay against Debtor Affiliates will contribute to and facilitate Trustee's efforts to administer Debtor's Estate.

23.    Trustee is entitled to injunctive relief against Defendants and DOES 1-10 to enjoin (1) Defendants and DOES 1-5 from pursuing litigation and collection activities *vis-à-vis* the Debtor Affiliates in the Civil Litigation Matters; and/or (2) Defendants and DOES 6-10 from enforcing any liens against the Properties because Defendants' and DOES 1-10's actions threaten the integrity of Debtor's Estate, Defendants and DOES 1-10 will not experience any hardship as a result of any injunctive relief and any public interest concerns are in favor of the entry of an order so enjoining Defendants and DOES 1-10. For the same reasons, Trustee is entitled to an order extending the automatic stay to each of the Debtor Affiliates and the Properties.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRAYER**

**WHEREFORE**, Trustee seeks judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF**

1.      For temporary, preliminary and permanent injunctive relief as may be necessary to prevent the likelihood of or to permanently prevent Defendants and DOES 1-10 from pursuing any activity to enforce any debt of any of the Debtor Affiliates during the pendency of this action and thereafter and to preserve the possibility of effective final, permanent relief, including, but not limited to, temporary, preliminary and permanent injunctions, and extension of the automatic stay to all Debtor Affiliates and the Properties.

2.      For costs of suit, including attorney's fees that may be awarded by statute, case law and/or agreement of the parties.

3.      For such other and further relief as the Court deems just and proper.

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED:  March 9, 2023              By: _____

James C. Bastian, Jr.
Ryan D. O'Dea
Shane M. Biornstad
Special Litigation Counsel for Plaintiff and
Chapter 7 Trustee, Richard A. Marshack

**EXHIBIT 1**

FILED & ENTERED

NOV 30 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus  DEPUTY CLERK

James C. Bastian, Jr. - Bar No. 175415
Ryan D. O'Dea - Bar No. 273478
Eric P. Francisconi - Bar No. 172102
Shane M. Biornstad - Bar No. 250202
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Telephone:   (949) 340-3400
Facsimile:   (949) 340-3000
Email:       JBastian@shulmanbastian.com
             ROdea@shulmanbastian.com
             EFrancisconi@shulmanbastian.com
             SBiornstad@shulmanbastian.com

Proposed Special Litigation Counsel for
Richard A. Marshack, Chapter 7 Trustee

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>**AB CAPITAL, LLC., a California limited liability company,**<br><br>Debtor. | Case No.:  8:22-bk-11585-TA<br><br>Chapter 7 (Involuntary)<br><br>Adv. Case No. 8:22-ap-01091-TA<br><br>**PRELIMINARY INJUNCTION** |
| RICHARD A. MARSHACK, Chapter 7 Trustee,<br><br>         Plaintiff,<br><br>     vs.<br><br>JOSHUA R. PUKINI, individually and as trustee of The Joshua R. Pukini Trust dated June 27, 2013; RYAN YOUNG, individually and as trustee of The Young Family Trust dated August 24, 2014, The Ryan J. Young Trust and The Young Ryan Trust; EDMUND VALASQUEZ, JR., an individual; 108 AVENIDA SERRA, LLC, a California limited liability company; 1034 W BALBOA, LLC, a California limited liability company; 31831 SUNSET LLC, a California limited liability company; AB CAPITAL FUND A, LLC, a California limited liability company; AB CAPITAL FUND B, LLC, a California limited liability company; AB CAPITAL HOLDINGS I, LLC, a California limited liability company; AB CAPITAL LFD, INC., a California corporation; ABC 2260 SAN | |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

YSIDRO LLC, a California limited liability
company; BDP DEVELOPMENT
PARTNERS, LLC, a California limited
liability company; CAL-PAC DISTRESSED
REAL ESTATE FUND I, LLC, a California
limited liability company; CALPAC
MANAGEMENT, INC., a California
corporation; CALPAC MORTGAGE FUND,
LLC, a California limited liability company;
LIVING ART WORKS LLC, a California
limited liability company; LUNA
CONSTRUCTION MANAGEMENT, LLC,
a California limited liability company;
TABLEROCK ENTERPRISES, LLC, a
California limited liability company; and
DOES 1 through 50, inclusive,

       Defendants.

**PRELIMINARY INJUNCTION**

On October 21, 2022, a hearing (the "Hearing") was held on the motion (the "Motion") of Richard A. Marshack, as Chapter 7 Trustee of the bankruptcy estate of AB Capital, LLC ("Trustee"), for issuance of a temporary restraining order ("TRO") and preliminary injunction ("Preliminary Injunction"), seeking, among other things, to enjoin Joshua R. Pukini, individually and as trustee of The Joshua R. Pukini Trust dated 6/27/2013; Ryan Young, individually and as trustee of The Young Family Trust dated 8/24/2014, the Ryan J. Young Trust, and the Young Ryan Trust; Edmund Valasquez, Jr.; 108 Avenida Serra, LLC; 1034 W Balboa, LLC; 31831 Sunset LLC; AB Capital Fund A, LLC; AB Capital Fund B, LLC; AB Capital Holdings I, LLC; AB Capital LFD, Inc.; ABC 2260 San Ysidro LLC; BDP Development Partners, LLC; Cal-Pac Distressed Real Estate Fund I, LLC; Calpac Management, Inc.; CalPac Mortgage Fund, LLC; Living Art Works LLC; Luna Construction Management, LLC; and Tablerock Enterprises, LLC ("Defendants") from diverting, secreting, hiding, wasting, spending, appropriating, subverting or transferring assets derived from or related to debtor AB Capital, LLC ("Debtor") in their possession, custody, or control, the Honorable Theodor C. Albert presiding.  On October 24, 2022, the Court entered the TRO, reflected as Docket Number 21 in the above-captioned adversary action, which was stipulated and agreed to by defendants Josh Pukini and Ryan Young.

Having considered the Motion, all evidence submitted by Trustee, the parties' oral argument at the Hearing, Josh Pukini's and Ryan Young's stipulation for entry of the TRO and their stipulation to the terms of this Preliminary Injunction, and good cause appearing,

It is hereby **ORDERED**:

1.      The Motion seeking a Preliminary Injunction is granted, as modified and provided herein.

2.      Subject to Paragraphs 4 through 7 below, Defendants, and any entity, affiliate, or subsidiary owned or controlled in whole or in part by Defendants (collectively, the "Enjoined Parties") are enjoined from selling, encumbering, transferring, diverting, secreting, hiding, wasting, spending, appropriating, collecting, compromising (including collecting amounts due under any notes or other instruments or entering into any settlement or compromise) or subverting any asset,

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3
**PRELIMINARY INJUNCTION**

including bank or brokerage accounts, of any kind owned or controlled, in whole or in part, by any
of the Enjoined Parties (the "Enjoined Property") from November 30, 2022 through May 1, 2023
(the "Injunction Period") without the express written consent of the Trustee or further order of the
court.

3.    The Enjoined Property includes, but is not limited to the following:

(i) Any and all personal property, real property or interests in real property, held or owned,
directly or indirectly by or for the benefit of Debtor, including but not limited to the following:  8018
La Milla, Rancho Santa Fe, CA 92067; 1314 Sunset Plaza Drive, Los Angeles, CA 90069; 322
Broadway, Oakland, CA 94607; and 444 Museum Drive, Los Angeles, CA 90066 (the "Debtor's
Real Property");

(ii)  Any and all liens, notes, deeds of trust, assignments or security interests related to or
securing repayment of any loan, note, or any other obligation of any kind (collectively "Liens"),
held directly or indirectly by or for the benefit of Debtor including but not limited to Liens related
to the following real property: 2260 San Ysidro Drive, Los Angeles, CA 90210 (2nd DOT); 437 E.
5th Street, Long Beach, CA 90802 (1st DOT); 1611 Cliff Drive, Newport Beach, CA 92663 (2nd
DOT); 1312 Beverly Grove Place, Beverly Hills, CA 90210 (2nd DOT); 7 Makena Lane, Rancho
Mirage, CA 92270 (2nd DOT); and 8018 La Milla, Rancho Santa Fe, CA 92067 (1st DOT) (the
"Debtor's Lien Interests");

(iii) Any and all personal property, real property, or interests in real property, held, directly
or indirectly, in the name or for the benefit of Debtor's affiliates or insiders including but not limited
to the following: 1034 W. Balboa Boulevard, Newport Beach, CA 92661; 108 Avenida Serra, San
Clemente, CA 92672; 31831 Sunset Avenue, Laguna Beach, CA 92651; 1 Makena Lane, Rancho
Mirage, CA 92270; 2 Makena Lane, Rancho Mirage, CA 92270; 4 Makena Lane, Rancho Mirage,
CA 92270; 5 Makena Lane, Rancho Mirage, CA 92270; 7 Makena Lane, Rancho Mirage, CA
92270; 2260 San Ysidro Drive, Los Angeles, CA 90210; 3301 Coldwater Canyon Avenue, Studio
City, CA 91604; 530 Alta Vista Way, Laguna Beach, CA 92651; 1312 Beverly Grove Place, Beverly
Hills, CA 90210; 501 S. Olive Street, Anaheim, CA 92805; 109 Rivo Alto Canal, Long Beach, CA

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

**PRELIMINARY INJUNCTION**

90803; 170 N. Circulo Robel, Anaheim, CA 92807; 20620 Manzanita Avenue, Yorba Linda, CA 92886; 5578 Avenida Adobe, Yorba Linda, CA 92886; 5632 Campo Walk, Long Beach, CA 90803; 7890 East Berner Street, Long Beach, CA 90808; and 38861 Elmwood Drive, Rancho Mirage, CA 92270; 2826-041-022, Los Angeles County, CA; 112 22nd Street, Newport Beach, CA 92663; and 7900 E. Cramer Street, Long Beach, CA 90808 (the "<u>Affiliate or Insider Real Property Interests</u>").

(iv) <u>Any and all liens, notes, deeds of trust, assignments or security interests related to or securing repayment of any loan, note, or any other obligation of any kind (collectively "Liens") held directly or indirectly by or for the benefit of any affiliate or insider of the Debtor, including but not limited to Liens related to the following real property</u>:  437 E. 5th Street, Long Beach, CA 90802; and 7 Makena Lane, Rancho Mirage, CA 92270 (the "<u>Affiliate or Insider Lien Interests</u>");

(v) Any and all ownership interest, including stock, partnership or membership interests, held directly or indirectly by or for the benefit of the Debtor in any entity ("<u>Debtor's Ownership Interests</u>");

(vi) Any and all ownership interest, including stock, partnership or membership interests, held directly or indirectly by or for the benefit of any affiliate or insider of the Debtor ("<u>Affiliate or Insider Ownership Interests</u>");

(vi) Debtor's hardcopy and electronic books and records, including those removed from Debtor's corporate office ("<u>Debtor's Records</u>");

(vii) Hardcopy and electronic books and records of any affiliate or insider ("<u>Affiliate or Insider Records</u>");

(viii) Original notes, construction loan related documents and other documents or instruments evidencing or related to any right to payment in favor of Debtor ("<u>Debtor Notes and Other Instruments</u>") or any of Debtor's insiders or affiliates ("Insider <u>Notes and Other Instruments</u>");

(ix) Any and all claims, causes of action or rights to proceed with legal or equitable action or process held by or for the benefit of the Debtor ("<u>Debtor Claims</u>");

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**PRELIMINARY INJUNCTION**

(x) Any and all claims, causes of action or rights to proceed with legal or equitable action or process held by or for the benefit of any affiliate or insider of the Debtor, including those identified on **Exhibit A** affixed to this Preliminary Injunction ("<u>Affiliate or Insider Claims</u>"); and

(xi) Construction documents, contracts, bids, keys, access codes, plans, permits, entitlements, governmental approvals, certificates of occupancy, licenses, or other form of authorization or approval issued by a government agency or authority and legally required for the construction ownership, operation, and use of the Enjoined Property ("<u>Construction Documents</u>"),

4.      Subject to a monthly budget provided to the Trustee, defendant Ryan Young shall be permitted to utilize up to $35,000.00 (the "<u>Young Monthly Budget</u>"), derived from of his personal funds and/or derived from defendant Tablerock Enterprises, LLC ("<u>Tablerock</u>"), for his ordinary and reasonable costs of living and legal expenses during the Injunction Period. As a condition precedent to being entitled to the Young Monthly Budget, defendant Ryan Young must prepare and provide to the Trustee, a report (the "<u>Young Report</u>") identifying the anticipated source(s) of funds comprising the Young Monthly Budget.  If defendant Ryan Young or his wife receive funds in a given month from sources not identified in the Young Report, defendant Ryan Young shall disclose to the Trustee the source of any such funds that he or his wife receive within fourteen (14) days of receipt; absent objection from the Trustee, such funds shall not be subject to this Preliminary Injunction (the "Non-Enjoined Funds"). To the extent there is a disagreement between the Trustee and defendant Ryan Young over whether funds constitute Non-Enjoined Funds, defendant Ryan Young may present such dispute to the Court on 72 hours' notice, if necessary. To the extent defendant Ryan Young requires funds in addition to the Young Monthly Budget for the purpose of paying state and/or federal taxes, Mr. Young may request a temporary increase of the Young Monthly Budget solely to satisfy his tax liability (the "<u>Young Temporary Increase</u>").  As a condition precedent to being entitled to the Young Temporary Increase: (1) defendant Ryan Young shall provide the Trustee with appropriate documentation supporting the tax liability necessitating the Young Temporary Increase; and (2) the Trustee must approve, in writing, the Young Temporary Increase – approval which shall not unreasonably be withheld.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6
**PRELIMINARY INJUNCTION**

5.     The Trustee has agreed that this Preliminary Injunction shall not apply to Ryan Young's personal residence at 31522 Bluff Drive, Laguna Beach, CA 92651 (the "Young Residence") or any proceeds derived from the Young Residence during the Injunction Period conditioned upon Mr. Young's agreement to not sell, transfer, or encumber the Young Residence during the Injunction Period; without prejudice to the Trustee seeking to include the Young Residence as part of the Enjoined Property.

6.     Subject to a monthly budget provided to the Trustee, defendant Josh Pukini shall be permitted to utilize up to $35,000.00 (the "Pukini Monthly Budget"), derived from of his personal funds for his ordinary and reasonable costs of living and legal expenses during the Injunction Period. As a condition precedent to being entitled to the Pukini Monthly Budget, defendant Josh Pukini must prepare and provide to the Trustee, a report (the "Pukini Report") identifying the anticipated source(s) of funds comprising the Pukini Monthly Budget.  If defendant Josh Pukini receives funds in a given month from sources not identified in the Pukini Report, defendant Josh Pukini shall disclose to the Trustee the source of any such funds that he receives within fourteen (14) days of receipt; absent objection from the Trustee, such funds shall not be subject to this Preliminary Injunction (the "Non-Enjoined Funds"). To the extent there is a disagreement between the Trustee and defendant Josh Pukini over whether funds constitute Non-Enjoined Funds, defendant Josh Pukini may present such dispute to the Court on 72 hours' notice, if necessary.  To the extent defendant Josh Pukini requires funds in addition to the Pukini Monthly Budget for the purpose of paying state and/or federal taxes, Mr. Pukini may request a temporary increase of the Pukini Monthly Budget solely to satisfy his tax liability (the "Pukini Temporary Increase").  As a condition precedent to being entitled to the Pukini Temporary Increase: (1) defendant Josh Pukini shall provide the Trustee with appropriate documentation supporting the tax liability necessitating the Pukini Temporary Increase; and (2) the Trustee must approve, in writing, the Pukini Temporary Increase – approval which shall not unreasonably be withheld.

7.     Subject to a monthly budget provided to the Trustee, defendant Edmund Valasquez, Jr. shall be permitted to utilize up to $25,000.00 (the "Valasquez Monthly Budget" and, together

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7

**PRELIMINARY INJUNCTION**

with the Young Monthly Budget and the Valasquez Monthly Budget, the "Monthly Budgets"),
derived from of his personal funds for his ordinary and reasonable costs of living and legal expenses
during the Injunction Period.  As a condition precedent to being entitled to the Valasquez Monthly
Budget, defendant Edmund Valasquez must prepare and provide to the Trustee, a report the
"Valasquez Report") identifying the anticipated source(s) of funds comprising the Valasquez
Monthly Budget.  If defendant Edmund Valasquez receives funds in a given month from sources
not identified in the Valasquez Report, defendant Edmund Valasquez shall disclose to the Trustee
the source of any such funds that he receives within fourteen (14) days of receipt; absent objection
from the Trustee, such funds shall not be subject to this Preliminary Injunction (the "Non-Enjoined
Funds").  To the extent there is a disagreement between the Trustee and defendant Edmund
Valasquez over whether funds constitute Non-Enjoined Funds, defendant Edmond Valasquez may
present such dispute to the Court on 72 hours' notice, if necessary  To the extent defendant Edmund
Valasquez requires funds in addition to the Valasquez Monthly Budget for the purpose of paying
state and/or federal taxes, Mr. Valasquez may request a temporary increase of the Valasquez
Monthly Budget solely to satisfy his tax liability (the "Valasquez Temporary Increase").  As a
condition precedent to being entitled to the Valasquez Temporary Increase: (1) defendant Edmund
Valasquez shall provide the Trustee with appropriate documentation supporting the tax liability
necessitating the Valasquez Temporary Increase; and (2) the Trustee must approve, in writing, the
Valasquez Temporary Increase – approval which shall not unreasonably be withheld.

8.      All deadlines to answer or respond to the complaint in this adversary action are
stayed during the Injunction Period.  The Court may schedule and hold periodic status conferences
in the adversary action, but will not issue a scheduling order during the Injunction Period.

9.      Subject to the terms and conditions set forth in paragraphs 11 through 15 below,
Defendants shall cooperate with, report to and take advice and direction from the Trustee and his
agents, counsel and representatives as necessary in the Trustee's discretion in: (a) marketing, selling
and managing the Enjoined Property; (b) collecting on notes constituting the Enjoined Property; (c)
pursuing foreclosure remedies associated with the Enjoined Property; and (d) taking any other

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

8

**PRELIMINARY INJUNCTION**

1  actions that are reasonably necessary to monetize the Enjoined Property for the benefit of the estate

2  and creditors (all of which shall be referred to herein as the "<u>Cooperation Activities</u>").

3      10.    Subject to the terms of that certain Stipulated Protective Order affixed hereto as

4  **Exhibit B**,[1] Defendants are required to turn over all documents and information to the Trustee as

5  necessary for the Trustee to administer Debtor's estate or that which is necessary to the marketing,

6  sale, collection or taking any other activities necessary to preserve or realize value from the Enjoined

7  Property – including but not limited to turnover of copies of all bank statements for any bank account

8  held or controlled by Defendants for the last two (2) years, access[2] to any and all bank accounts held

9  or controlled by Defendants, Notes and Other Instruments (including any copies of same), Debtor

10  Records, Construction Documents, Affiliate or Insider Records and turnover of any and all

11  documents related to and necessary or convenient to determine the value and disposition of any

12  Enjoined Property, including any document referenced in or related to the Enjoined Property

13  described in Paragraph 3 above.  To the extent, after Defendants' good faith efforts, Defendants are

14  not able to provide the Trustee with electronic access to any bank account(s) held or controlled by

15  Defendants, , no later than the 10th day of each month, Defendants shall provide the Trustee with

16  account statements for any and all bank accounts held or controlled by Defendants (where electronic

17  access has not been provided to the Trustee).  To the extent the ending balance for any account has

18  changed from the prior month's ending balance, other than the accounts from which the Monthly

19  Budgets are funded, Defendants shall provide the Trustee with all information necessary for the

20  Trustee to determine the basis for the change, which may include a copy of the full prior month's

21  bank statement.  To the extent the accounts from which the Monthly Budgets are funded have

22  decreased by an amount more than the allowed Monthly Budgets, Defendants shall, upon the

23

24  ---

[1] The Stipulated Protective Order will be separately filed and lodged with the Court for approval.

25  [2] "Access" does not mean, and shall not be interpreted to mean or include, the Trustee's ownership
26  or control over any bank account held or controlled by Defendants.  For the sake of clarity, "access"
   for purposes of Paragraph 10 of this Preliminary Injunction shall mean electronic or hardcopy access
27  to any and all bank records and banking activity associated with bank accounts owned or controlled
   by Defendants.

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9

**PRELIMINARY INJUNCTION**

1  Trustee's request, immediately provide the Trustee with all information necessary to evaluate and

2  determine the use of such proceeds.

3       11.    Defendants shall be enjoined from interfering[3] with, or taking steps of any kind to

4  impair, the Trustee's ability: (a) to market and sell the Debtor Real Property; (b) to collect payments

5  due and owing under any Debtor Notes or Other Instruments; (c) to collect payments due and owing

6  under any Insider Notes or Other Instruments, subject to any such payments being held in a

7  segregated account by the Trustee subject to any claims, rights, or defenses asserted by Defendants,

8  including but not limited to the right of Defendants to seek to use a portion of such payments to

9  fund, in part, the Monthly Budgets; (d) enforcing the Debtor's Lien Interests; (e) enforcing the

10  Affiliate or Insider Lien Interests, subject to any Net Proceeds from such enforcement activity being

11  held in a segregated account by the Trustee subject to any claims, rights, or defenses asserted by

12  Defendants; or (f) realize value for or on account of any Enjoined Property.  To the extent there is

13  any dispute over the Trustee's proposed action under this paragraph, any appropriate Defendant(s)

14  may present such dispute to the Court on 72 hours' notice, if necessary.

15       12.    In the Trustee's discretion and business judgment, the Trustee is expressly permitted

16  to actively market for sale the Affiliate or Insider Real Property, and take all steps necessary and

17  convenient to market and consummate the sale of any Affiliate or Insider Real Property, including

18  execution of documents; provided, however that the Trustee's sale of any Affiliate or Insider Real

19  Property is expressly conditioned upon such sale being the subject of a noticed motion and resulting

20  Court order.

21       13.    In the Trustee's discretion and business judgment, the Trustee: (a) is expressly

22  permitted to collect payments due and owing under the Debtor Notes and Other Instruments; (b) is

23  expressly permitted to collect payments due and owing under Insider Notes and Other Instruments

24  and/or taking all steps necessary to enforce the Affiliate or Insider Lien Interests, subject to any such

---

25  [3] For purposes of this Preliminary Injunction: "Interfering" shall not mean, and shall not be
26  interpreted to mean or include, Defendants seeking bankruptcy court relief to resolve any dispute
regarding any term or provision of this Preliminary Injunction.  Similarly, "interfering" shall not
27  mean or include Defendants' opposition to any motion filed by the Trustee regarding a dispute over
any term or provision of this Preliminary Injunction.

28
SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

payments being held in a segregated account by the Trustee subject to any claims, rights, or defenses asserted by Defendants; (c) to exercise foreclosure rights related to the Affiliate or Insider Lien Interests; and (d) compromise or settle any Affiliate or Insider Claims without further order of the Court so long as the Trustee provides Defendants with a minimum of fourteen (14) days' notice of his intention to do so; provided however that the Trustee may seek Court approval of these actions as he deems necessary or appropriate in his discretion. To the extent there is any dispute over the Trustee's proposed action under this paragraph, any appropriate Defendant(s)  may  present the dispute to the Court on 72 hours' notice, if necessary.

14.    In the Trustee's discretion and business judgment, the Trustee is expressly permitted to take all steps necessary to monetize or realize value on account of Affiliate or Insider Ownership Interests. The Trustee's entry into a transaction to sell, monetize or realize value for Affiliate or Insider Ownership Interests is expressly conditioned upon such a sale being the subject of a noticed motion and resulting Court order.

15.    Defendants shall be enjoined from interfering with, or taking steps of any kind to impair, the Trustee's ability: (a) to market for sale the Affiliate or Insider Real Property; (b) to collect payments due and owing under Notes or Other Instruments constituting or other obligations which are secured by Affiliate or Insider Lien Interests; (c) to exercise foreclosure or other enforcement rights related to the Affiliate or Insider Lien Interests; (d) monetize or realize value on account of Affiliate or Insider Ownership Interests; or (e) compromise or settle any Affiliate or Insider Claims.  To the extent there is any dispute over the Trustee's proposed action under this paragraph, any appropriate Defendant(s) may present such dispute to the Court on 72 hours' notice, if necessary.

16.    For the avoidance of doubt, the Trustee shall have final authority regarding the sale or other disposition of any of the Enjoined Property, and approval of any sale or disposition of the Enjoined Property must be expressly approved by the Trustee in writing prior to closing or consummating such a transaction, or otherwise authorized by Court order.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

11
**PRELIMINARY INJUNCTION**

17.     Any and all net proceeds resulting from sale, enforcement or other disposition of any Affiliate or Insider Real Property, Affiliate or Insider Lien Interests, Affiliate or Insider Claims or Affiliate or Insider Ownership Interests after payment of reasonable and ordinary closing costs, including reasonable brokerage commissions and valid encumbrances or in the case of Affiliate or Insider Claims, payment of reasonable attorneys' fees and costs incurred in relation thereto (but not including any administrative fees or costs of the Trustee or his professionals, which may only be paid upon entry of a final order of the bankruptcy court approving same), approved by the Trustee in his sole discretion (the "Net Proceeds"), shall be held in a segregated account by the Trustee subject to any claims, rights, or defenses asserted by Defendants.

18.     In the Trustee's discretion and business judgment, and absent an agreement from the appropriate Defendant(s), the Parties recognize that the Trustee may apply to the court for permission to spend any cash constituting net sale proceeds from 108 Avenida Serra, San Clemente, California, any Net Proceeds, and any funds held in Defendants' bank accounts as reasonably necessary to cover the cost of insurance, repairs, or other items necessary to preserve the value of the Enjoined Property.  To the extent such request cannot be made by way of stipulated agreement, the Trustee may file a motion seeking approval of such request with 72 hours' notice.

19.     Should any term of this Preliminary Injunction be breached by any party, including but not limited breach of the Cooperation Activities, any non-breaching party may submit a declaration to the Court attesting to the breach and lodge an order with the Court seeking hearing on seventy-two (72) business hours' notice, subject to the availability of the Court.

20.     This Preliminary Injunction is without prejudice to any claim or defense of the Trustee or Defendants.  All rights of all parties are expressly reserved, including the right of the Trustee to seek an extension of the Injunction Period, expansion of the scope of this Preliminary Injunction or the issuance of a permanent injunction, and the rights of Defendants to challenge the scope of this Preliminary Injunction, the expansion of the scope of this Preliminary Injunction, or the issuance of a permanent injunction.  In the event the Trustee files a motion to extend the Injunction Period or to expand the scope of this Preliminary Injunction,  Defendants may oppose

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

12

**PRELIMINARY INJUNCTION**

such a motion.  Nothing in this Preliminary Injunction shall constitute or be treated as a waiver of any argument, claim, or defense of Defendants in opposition to a motion to extend the Injunction Period or expand the scope of this Preliminary Injunction..  Should the Trustee file a motion to extend the Injunction Period or to expand the scope of this Preliminary Injunction, or in the event any Defendant files a motion seeking to modify or vacate all or portions of the Preliminary Injunction ("Motion to Modify or Vacate"), the burden of establishing the applicable elements necessary for preliminary injunctive relief shall be on the Trustee.  However, in the event any Defendant intends to file a Motion to Modify or Vacate, such Defendant shall: (1) no less than seven (7) days prior to filing a Motion to Modify or Vacate, prepare and provide to the Trustee a written statement detailing the basis and grounds for the prospective motion; and (2) no less than three (3) days prior to filing a Motion to Modify or Vacate, meet and confer with the Trustee (telephonically, virtually, or physically) in good faith to resolve the dispute(s) underlying the prospective motion. Should the parties' meet and confer efforts fail to resolve the dispute(s) and a Motion to Modify or Vacate be filed with the Court, Defendants and the Trustee agree to an expedited discovery schedule and the deadline for filing any opposition to the Motion to Modify or Vacate shall not be less than fourteen (14) days after the later of: (a) receipt of all Defendants' discovery responses; (b) receipt of all Defendants' production of documents; or (c) conclusion of any deposition noticed or subpoenaed by the Trustee.[4]

21.    This Preliminary Injunction may be served on third-parties, including banks and escrow companies in contract with any of the Enjoined Parties, or in possession of any Enjoined Property, and that such third-parties are directed and authorized to interact exclusively with and take instruction from the Trustee or his authorized representatives in connection with any Enjoined Party or Enjoined Property as necessary to allow the Trustee and Defendants to comply with the terms of this Preliminary Injunction.

---

[4] In the event the Trustee does not propound discovery upon Defendants or any third-party, the deadline to oppose any Motion to Modify or Vacate shall not be less than twenty-one (21) days from the date such Motion to Modify or Vacate was filed with the Court.

**PRELIMINARY INJUNCTION**

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1       22.    The Trustee is not required to post a bond under Fed. R. Civ. Proc. 65 or Fed. R.

2  Bankr. Proc. 7065.

3       23.    A status conference regarding the Preliminary Injunction is scheduled for February

4  16, 2023 at 11:00 a.m.

5                               ###

22

23  Date: November 30, 2022

                       Theodor C. Albert
                       United States Bankruptcy Judge

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**PRELIMINARY INJUNCTION**

| Case Information | Parties |
|---|---|
| Orange County Superior Court; 30-2022-01254450-CU-BC-CJC | Michael C. Vaupel; Lynda L. Roese-Vaupel, as individuals and Co-Trustees of the Vaupel Family Trust Dated March 6, 2008 as Amended and Restated February 16, 2010 v. AB Capital, LLC; Joshua Pukini; and Ryan J. Young |
| Orange County Superior Court; 30-2022-01244889-CU-BC-WJC | FCI Lender Services, Inc. v. AB Captial, LLC |
| Los Angeles County Superior Court; 22TRCV00066 | Shoyinka Veronica Ogbeide v. AB Capital, LLC; Escrow Experts, Inc.; FCI Lenders Services Inc. |
| Orange County Superior Court; 30-2021-01236708-CU-WT-CJC | Cierra Taylor v. AB Capital, LLC; Luna Construction Management LLC; Joshua Pukini, individually and as trustee of The Joshua R. Pukini Trust; Calpac Mortgage Fund LLC; Calpac Management Inc., dba Cal Pac Capital |
| Orange County Superior Court; 30-2021-01199187-CU-BC-CJC | 410 Twenty Ninth Streets LLC v. AB Capital LLC; Joshua R. Pukini; Ryan J. Young |
| Los Angeles County Superior Court; 22TRCV00321 | Konstro Designs & Engineering Inc. v. AB Capital LLC; Escrow Experts Inc.; FCI Lender Services Inc.; Joshua Pukini; Ryan Young |
| Los Angeles County Superior Court; 21STCV14445 | Mikayel Israyelyan; 14241 Ventura LLC v. AB Capital, LLC; Joshua R. Pukini; Ryan Young; Justin C. Johnson; Calpac Management, Inc. |
| United States Bankruptcy Court Central District of California - Los Angeles Division; 2:21-bk-12447-ER | MED Equity, LLC - Debtor |
| United States Bankruptcy Court Central District of California - Santa Ana Division; 8:22-bk-11556-TA | Stonebridge Ventures, LLC |
| Los Angeles Superior Court Central District; 21STCV29689 | Kurmi LLC v. AB Capital, LLC; BBG Ira, LLC; Kenneth Morgan trustee of the Kennth and Robin Morgan Trust dated 08/11/2021 |
| Orange County Superior Court; 30-2021-01181232-CU-OR-CJC | Ferguson Enterprises LLC v. 1034 W Balboa LLC; ADW Lending LLC; Joshua Pukini; AB Capital LLC; Calpac Managements Inc. |
| Los Angeles County Superior Court; 22SMCV00390 | Danmor Investment Profit Sharing Trust Inc.; USTDS Inc. v. Calpac Mortgage Fund LLC; Joshua Pukini; Ryan Young |
| Inland Counties Riverside County Superior Court; CVPS2200340 | Coldwell Banker Residential Brokerage v. Joshua R. Pukini; BDP Development Partners LLC |
| Orange County Superior Court; 30-2021-01236292-CU-BC-CJC | Frederick Veitch, individually and as trustee of the Frederick A. Veitch Revocable Trust v. Calpac Mortgage Fund LLC; Luna Construction Management LLC; Joshua Pukini |
| Los Angeles County Superior Court; 21NWCV00635 | Showroom Interiors; Vesta Home LLC v. Joshua R. Pukini; Stonebridge Ventures LLC |
| Orange County Superior Court; 30-2021-01200463-CU-OE-CJC | Cierra Taylor v. AB Capital, LLC; Luna Construction Management LLC; Joshua Pukini |
| Los Angeles Superior Court Central District; 20STCV47149 | Meribear Productions, Inc. dba Meridith Baer Home v. Stonebridge Ventures LLC; Joshua R. Pukini |
| Inland Counties Riverside County Superior Court; PSC2004436 | Probuild Company LLC v. Luna Construction Management LLC; Joshua R. Pukini; Stonebridge Ventures LLC |
| Orange County Superior Court; 30-2020-01162773-CL-OR-CJC | Probuild Company LLC v. Luna Construction Management LLC; Joshua R. Pukini; Stonebridge Ventures LLC |
| Los Angeles County Superior Court; 20STCV26093 | Jilanchi Saman; Qwan Capital LLC; Qwan International Investments LLC v. Joshua Pukini; Ryan Young |
| Orange County Superior Court; 30-2019-01062223-CU-OR-CJC | Wayne Larry Jones, individually and as Trustee of the Wayne Larry Jones Family Trust v. 2401 Alta Vista LLC; Studio Z Consulting Inc.; Richard W. Denzer; Joshua R. Pukini, individually and as Trustee of the Joshua R. Pukini Trust |
| Los Angeles Superior Court Central District; BC697499 | Randy Rose v. Howard A. Royal; Mag Equities, LLC; Calpac Management Inc.; Cal Pac Capital; Med Equity LLC; Joshua R. Pukini; 871 Linda Flora LLC |
| Orange County Superior Court; 00792151CJC | Stephanie Moarton-Pukini v. Samuel E. Sunshine, MD, a medical corp.; Comfort Laser Clinics |
| Orange County Superior Court; 07cc07499 | Point Center Fianncial, Inc. v. Josh Pukini; Calif. Pacific Home Loans, Inc dba Cal-Pac Funding |
| Los Angeles Superior Court; 21STLC02599 | Ganahl Lumber Company v. Calpac Management Inc., et al. |
| San Diego Superior Court; 37-2020-00046579-SC-SC-CTL | The Bronze Legacy LLC v. Calpac Management Inc. |
| US Bankrutpcy Court, Central District of California; 1:20-ap-01116 | PB-1, LLC v. Calpac Management, Inc. |
| Los Angeles Superior Court; 18BBCV00223 | Tap Ram Reinforcing, Inc. v. PB-1, LLC et. Al. |
| Riverside Superior Court; RIC1805223 | County of Riverside v. Temescal-Leroy |
| Orange County Superior Court; 30-2015-00769288-CL-CL-CJC | Caisteal Builders, Inc. v. Calpac Management Inc. |
| Riverside Superior Court; TES1000086 | Calpac v. Rancon |
| Riverside Superior Court; TES10000741 | Calpac v. Horton |
| Orange County Superior Court; 30-2021-01199187-CU-BC-CJC | State of California, Employment Development Department v. Ryan Young |
| Kern Superior Court; R-1502-CL-10493 | Desert Valleys Federal Credit Union v. Young |
| Los Angeles County Superior Court; BC400715 | Robert E. Word v. Rodney Gresko dba Quick Appraisal Services; California Pacific Home Loans, Inc.; Ryan Young |
| Los Angeles Superior Court; 22STLC04460 | Reno Hardware & Supply, Inc. v. Luna Construction Mangement, LLC |
| Los Angeles Superior Court; 22SMCV00390 | USTDS, Inc. et al v. Calpac Mortgage Fund LLC |
| United States Bankruptcy Court for the Northern District of California; 22-50930 | In re 40th Street Devleopment, LLC |
| Los Angeles Superior Court; 20BBCV00871 | John Ingram v. CE Partners, LLC, Chris Nelson, and Does 1 through 100 |

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.: 8:22-bk-11585-TA |
| AB CAPITAL, LLC, a California limited liability company,<br>Debtor, | Adv. Case No. 8:22-ap-01091-TA |
| | [Assigned to Hon. Theodor C. Albert] |
| RICHARD A. MARSHACK, Chapter 7 Trustee,<br>Plaintiff,<br>v. | STIPULATED PROTECTIVE ORDER[1] |
| JOSHUA R. PUKINI, individually and as trustee of The Joshua R. Pukini Trust dated June 27, 2013; RYAN YOUNG, individually and as trustee of The Young Family Trust dated August 24, 2014, The Ryan J. Young Trust and The Young Ryan Trust; EDMUND AVENIDA SERRA, LLC, a California limited liability company; 1034 W BALBOA, LLC, a California limited liability company; AB CAPITAL FUND B, LLC, a California limited liability company; AB CAPITAL HOLDINGS I, LLC, a California limited liability company; AB CAPITAL LFD, INC., a California corporation; ABC 2260 SAN YSIDRO, LLC, a California limited liability company; BDP DEVELOPMENT PARTNERS, LLC, a California limited liability company; CAL-PAC DISTRESSED REAL ESTATE FUND I, LLC, a California limited liability company; CALPAC MANAGEMENT, INC., a California corporation; CALPAC MORTGAGE FUND, LLC, a California limited liability company; LIVING ART WORKS LLC, a California limited liability company; LUNA CONSTRUCTION MANAGEMENT, LLC, a California limited liability company; TABLEROCK ENTERPRISES, LLC, a California limited liability company,<br>Defendants. | |

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and request the Court to enter the following Stipulated Protective Order ("SPO"). This SPO does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, this SPO does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with applicable statutes and/or Local Rules.

B. <u>GOOD CAUSE STATEMENT</u>

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the

---

[1] This Stipulated Protective Order is based substantially on the model of protective order provided under Magistrate Judge Jacqueline Choolijan's procedures.

EXHIBIT B

ends of justice, a protective order for such information is justified in this matter. The parties shall not designate any information/documents as

confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is

good cause or a compelling reason why it should not be part of the public record of this case.

2.  DEFINITIONS

2.1  Action: this pending adversary proceeding, entitled *Marshack v. Pukini et al*, Adv. Pro. No. 8:22-ap-01091-TA.

2.2  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this SPO.

2.3  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible

things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4  Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to

discovery as "CONFIDENTIAL."

2.6  Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored,

or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses

to discovery in this matter.

2.7  Estate Professional(s): any individual or entities (including employees of such individual or entity) whose employment as a

professional of the estate in the bankruptcy case of AB Capital, LLC, Bankr. Case No. 8:22-bk-11585-TA, has been approved by order entered by the

Honorable Theodor C. Albert.

2.8  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a

Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9  House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of

Record or any other outside counsel.

2.10  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11  Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a

party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that

party, and includes support staff. This includes Estate Professionals employed as "Special Counsel", "General Counsel", "Special Litigation Counsel",

or any other attorney who is an Estate Professional.

2.12  Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside

Counsel of Record (and their support staffs).

2

EXHIBIT B

2.13    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this SPO cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This SPO does not govern the use of Protected Material during a court hearing or at trial.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this SPO shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this SPO must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this SPO.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

3

EXHIBIT B

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this SPO or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this SPO must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this SPO requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this SPO. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this SPO for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this SPO.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>.  All parties reserve the right to object to a document being labeled as confidential. The Challenging Party shall notify the Designating Party of all objections to documents designated as CONFIDENTIAL, and absent a court order protecting the documents, the Challenging Party may use the documents upon the later of fifteen (15) days after giving the notice, or the Court's issuance of an order resolving

4

EXHIBIT B

1     any pending challenge, whichever is later. During the fifteen (15) day notice period, the Designating Party shall initiate a meet and confer conference

2     within three (3) business days of receipt of the notice.

3           6.3      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those

4     made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to

5     sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in

6     question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7     7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8           7.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-

9     Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed

10     only to the categories of persons and under the conditions described in this SPO. When the Action has been terminated, a Receiving Party must

11     comply with the provisions of Section 13 below.

12           Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is

13     limited to the persons authorized under this SPO.

14           7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the

15     Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

16           (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to

17     whom it is reasonably necessary to disclose the information for this Action;

18           (b) Estate Professionals to whom it is reasonably necessary to disclose the information for this Action;

19           (c) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably

20     necessary for this Action;

21           (d) Experts (as defined in this SPO) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have

22     signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23           (e) the court and its personnel;

24           (f) court reporters and their staff;

25           (g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

26     Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27           (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew

28     the information;

5

EXHIBIT B

1       (i)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary

2   provided:  (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A

3   hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound"

4   attached as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits

5   to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted

6   under this SPO; and

7       (j)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in

8   settlement discussions.

9   8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

10      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated

11  in this Action as "CONFIDENTIAL," that Party must:

12      (a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

13      (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the

14  material covered by the subpoena or order is subject to this SPO.  Such notification shall include a copy of this SPO; and

15      (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may

16  be affected.

17      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information

18  designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has

19  obtained the Designating Party's permission, or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and

20  expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or

21  encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

22  9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

23      (a)   The terms of this SPO are applicable to information produced by a Non-Party in this Action and designated as

24  "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided

25  by this SPO.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

26      (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its

27  possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

28      (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject

6

EXHIBIT B

to a confidentiality agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of the SPO in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party, if requested.

    (c) If a Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this SPO, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this SPO, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this SPO.

12.    <u>MISCELLANEOUS</u>

    12.1    Right to Further Relief. Nothing in this SPO abridges the right of any person to seek its modification by the Court in the future.

    12.2    Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this SPO. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this SPO.

    12.3    Filing Protected Material. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may

7

EXHIBIT B

1  file the information in the public record unless otherwise instructed by the court.

2  13.    <u>FINAL DISPOSITION</u>

3         After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each

4  Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material"

5  includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the

6  Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person

7  or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

8  returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

9  reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

10 motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

11 product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute

12 Protected Material remain subject to this SPO as set forth in Section 4.

13 14.        Any violation of this SPO may be punished by any and all appropriate measures including, without limitation, contempt proceedings

14 and/or monetary sanctions.

15    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

16    DATED: _____

17    _____
      Attorneys for Plaintiff
18
      DATED: _____
19

20    _____
      Attorneys for Defendant
21

22    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

23    DATED: _____

24    _____
      HON. THEODOR C. ALBERT
25    Chief Judge, Bankruptcy Court, Central District of California

26

27

28

EXHIBIT B

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("SPO") that was issued by the United States Bankruptcy Court for the Central District of California on _____ in the case of *Marshack v. Pukini et al*, Adv. Pro. No. 8:22-ap-01091-TA.  I agree to comply with and to be bound by all the terms of this SPO and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this SPO to any person or entity except in strict compliance with the provisions of this SPO.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Central District of California for the purpose of enforcing the terms of this SPO, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this SPO.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

9

EXHIBIT B

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>RICHARD A. MARSHACK, Chapter 7 Trustee, | DEFENDANTS<br><br>[SEE ATTACHED] |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>James C. Bastian, Jr. - Bar No. 175415<br>Ryan D. O'Dea – Bar No. 273478<br>Shane M. Biornstad - Bar No. 250202<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee<br>☐ Creditor     ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee<br>☐ Creditor     ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR INJUNCTIVE RELIEF AND EXTENSION OF AUTOMATIC STAY

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>AB CAPITAL, LLC, a California limited liability company, | BANKRUPTCY CASE NO.<br>8:22-bk-11585-TA | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Theodor C. Albert |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>**RICHARD A. MARSHACK, Chapter 7 Trustee** | DEFENDANT<br>[SEE ATTACHED] | ADVERSARY<br>PROCEEDING NO.<br>8:22-ap-01091-TA |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Theodor C. Albert |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Shane M. Biornstad | | |
| DATE<br><br>March 9, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Shane M. Biornstad | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Attachment to Adversary Cover Sheet

Defendants:


MIKAYEL ISRAYELYAN, an individual

14241 VENTURA LLC, a California limited liability company

RANDY ROSE, an individual

WEST ONE CAPITAL GROUP, INC., a California Corporation

EQUITY TRUST COMPANY, FBO Jeffrey M. Hawkinson IRA, a South Dakota corporation

PACIFIC PREMIER BANK f/k/a PENSCO TRUST COMPANY LLC, as custodian FBO Paul O'Rear IRA, a California corporation

AXOS BANK, a federal savings bank

DONALD GREGORY NICHOLS, an individual

THE BAIOCCHI FAMILY LIMITED PARTNERSHIP, a California limited partnership

CORONA CAPITAL GROUP, LLC, a California limited liability company

<u>Attachment to Adversary Cover Sheet</u>

Related Adversary Defendants:


JOSHUA R. PUKINI, individually and as trustee of The Joshua R. Pukini Trust dated June 27, 2013

RYAN YOUNG, individually and as trustee of The Young Family Trust dated August 24, 2014, The Ryan J. Young Trust and The Young Ryan Trust

EDMUND VALASQUEZ, JR., an individual

108 AVENIDA SERRA, LLC, a California limited liability company

1034 W BALBOA, LLC, a California limited liability company

31831 SUNSET LLC, a California limited liability company

AB CAPITAL FUND A, LLC, a California limited liability company

AB CAPITAL FUND B, LLC, a California limited liability company

AB CAPITAL HOLDINGS I, LLC, a California limited liability company

AB CAPITAL LFD, INC., a California corporation

ABC 2260 SAN YSIDRO LLC, a California limited liability company

BDP DEVELOPMENT PARTNERS, LLC, a California limited liability company

CAL-PAC DISTRESSED REAL ESTATE FUND I, LLC, a California limited liability company

CALPAC MANAGEMENT, INC., a California corporation

CALPAC MORTGAGE FUND, LLC, a California limited liability company

LIVING ART WORKS LLC, a California limited liability company

LUNA CONSTRUCTION MANAGEMENT, LLC, a California limited liability company

TABLEROCK ENTERPRISES, LLC, a California limited liability company